Pearson, C. J.
 

 The bill is not filed for the purpose of ob
 
 *120
 
 taining specific performance of an agreement to convey the slave, mentioned in the pleadings, but for the purpose of setting up and having*enforced, a trust declared in favor of the plaintiffs, by their father, at the time the title was passed to the intestate of the defendant, Swann.
 

 The objection,-that the declaration of trust was not in writing, and was, therefore, void, is not tenable. There is, in this State, no statute which requires the declaration of a trust, made at the time the legal title passes to one, who agrees to hold in trust, shall be in writing. This question is settled by the case of
 
 Shelton
 
 v. Shelton, 5 Jones’ Eq. 292, and the learning on the subject, is there fully explained. In that case, the subject-matter was land
 
 \
 
 in this, it is a slave ; but there is no distinction between land and slaves. The act of 1819, Rev. Code, chap. 50, sec. 11, puts contracts to sell land and slaves on the same footing, and has no reference to a declaration of trust, as is shown in that case. The objection, based on the rules of evidence, is also there shown to have no bearing on the question. In short, that case is decisive of this ; and it is unnecessary to elaborate the subject any further.
 

 Per CuriaM, ' Decree for the plaintiffs.