SARAH A. BLACKBURN v. S. BLACKBURN.

*Deeds and Grants, Exceptions and Reservations in—Trusts—Parol.*

1. Exceptions and reservations in grants and deeds enure only to the benefit of the grantor and those claiming under him; they cannot operate to convey an estate to others.

2. The grantor, before the delivery of a deed which he had signed conveying a tract of land to another, made, under seal, this endorsement, "I (the said E. B.) do hereby certify that S. B., a daughter of said E. B., doth hold a life-time possession in the said deed": *Held*, to amount to a declaration of a trust in favor of the said S. B., and that the grantee took the title subject thereto.

3. An oral declaration of a trust, made contemporaneously with the transmission of the title, may be established, even without a consideration. No particular form of words is necessary.

This was a SPECIAL PROCEEDING, tried before *McCorkle, J.,* at Fall Term, 1890, of WILKES Superior Court.

The only point presented for review is whether the endorsement on the deed vested an estate, either in law or equity, in Sarah Blackburn.

His Honor held that Sarah was entitled in equity to a life-estate, and from the judgment in conformity with that opinion the defendant appealed.

The following is the case agreed: Eli Blackburn, .Sr., executed, on the 11th day of May, 1872, a deed in *fee-simple* to Eli Blackburn, Jr., for the following de:cribed land situate in Wilkes County (description given). On the back of said deed the following endorsement was made before he delivered said deed to Eli Blackburn, Jr., to-wit: " Accordance deed. I, the said Eli Blackburn, Sr., do hereby certify that Sarah Blackburn, a daughter of said Blackburn, doth hold a life-time possession in the said Eli deed." (Signed

and sealed in the presence of witnesses). It is agreed that the said endorsement has reference to the said deed executed May 11th, 1872, by Eli Blackburn, Sr , to Eli Blackburn, Jr.

No counsel for plaintiff.
*Mr. C. Manly,* for defendant.

SHEPHERD, J.—after stating the case, proceeded: It is very clear that the endorsement on the deed did not operate as an exception or reservation so as to vest an estate for life in Sarah Blackburn. Exceptions and reservations enure only to the benefit of the grantor and those claiming under him, and have no effect by way of passing an estate to a third party. Tiedman, Real Prop., 843; 2 Delvin, Deeds, 979.

We think however (without passing upon the question whether the language used can be construed into a covenant to stand seized to uses), that the judgment of his Honor may be sustained on the ground that the endorsement, made before or at the time of the delivery, amounted to a declaration of trust, to-wit, that the grantee should hold the land for the use of the said Sarah for life. Even without consideration, an oral declaration of trust in favor of a third person, made contemporaneously with the transmission of the legal title, will, when established by competent testimony, be recognized and enforced in a court of equity. *Pittman* v. *Pittman,* 107 N. C., 159.

If this be so, *a fortiori* will the Court give effect to such a contemporaneous declaration when made in writing under seal and for a good consideration. No particular form of words is necessary to establish such a trust. " The intent is what the Courts look to." 2 Fonb., 36, note; 3 Ves. Jun., 9; Bispham Eq., 98.

The language in our case is very similar to that used in *Fisher* v. *Fields,* 10 Johns., 494, which was held to be suffi-

cient, and, indeed, upon looking over the many cases in the reports, there can be no doubt upon the question.

The grantee, then, taking the title accompanied with this contemporaneous declaration, must be declared seized of the land in trust for Sarah Blackburn for the term of her natural life.

Affirmed.