MARY E. HUGHES et al. v. D. T. PRITCHARD.

(Decided March 1st, 1898).

*Action to Establish Parol Trust—Deed, Absolute— Parol Trust—Evidence—Declarations of Grantor after Execution of Deed.*

1. In the trial of an action to establish a parol trust as to land conveyed to the grantee by a deed in fee, absolute in form, and with an expressed money consideration, it was competent for the plaintiff to show by parol evidence as to the circumstances surrounding the execution of the deed and what was said by the grantor and grantee at the time, that the defendant took the title subject to the parol trust declared by the grantor.

2. In the trial of an action to establish a parol trust in land, it was not error to exclude testimony as to the declarations of the grantor, concerning defendant's title, made after the date of the deed.

CIVIL ACTION tried before *Brown, J.*, and a jury at Fall Term, 1897, of CAMDEN Superior Court. The facts sufficiently appear in the opinion. There was a verdict for the plaintiffs, and from the judgment thereon defendant appealed.

*Mr. E. F. Aydlett*, for plaintiffs.
*Mr. J. H. Sawyer*, for defendant (appellant).

FURCHES, J.: On the 25th day of January, 1886, David L. Pritchard, then about 78 or 79 years of age, and suffering from cancer, of which he died on the 8th of March following, made and executed a deed to the defendant, David T. Pritchard, for the land now in controversy. The deed in form was a deed in fee simple upon the expressed consideration of $2500. But the plaintiffs allege that in fact it was a deed in trust. They allege further that the grantor, David L. Pritchard, in

view of the fact that he must soon die, and being in
debt (to what extent does not appear), desired to pro-
vide for the payment of his debts out of his land, and
then to provide for his daughter and granddaughter, the
plaintiffs in this action.    To do this, he proposed to make
a deed to his nephew, David T. Pritchard, the defend-
ant in this action, in trust that out of the rents and
profits of said land, the defendant should first pay off
and satisfy his debts, and, then, he should convey two-
thirds thereof to Mrs. Mary E. Hughes, the grantor's
daughter, for life, and the remainder of this two-thirds
to Miss Mary E. Hughes, the daughter of the life tenant
and granddaughter of the grantor; and the other third
was to be conveyed in fee to the children of the defend-
ant in consideration of his services in taking charge of
the land, receiving the rents, and paying the debts of
the grantor.

These are the allegations contained in the complaint,
and upon them the Court submitted the following issue:
"At the time of and immediately preceding the execu-
tion and delivery of the deed from D. L. Pritchard to
D. T. Pritchard, dated January 25, 1886, was it agreed
between said parties that the land therein described
should be conveyed to and held by said D. T. Pritchard
upon the terms and agreement set out in the com-
plaint?"    To this issue the answer was "Yes."

Suppose the allegations in the complaint, and con-
tained in this issue, had been inserted in the deed, there
could be no doubt but what the defendant would hold
the land in trust· and that it would be his duty to con-
vey two-thirds of it to the plaintiffs, as contended by
them.

The plaintiff's evidence on this issue was direct and
pointed and fully justified the finding of the jury, if

the evidence was competent.    The plaintiffs showed by the testimony of Mr. Sawyer, who drew the deed, that the defendant came for him to do the writing; that they went to the grantor's house early in the morning; that the matter was talked over and fully understood by the parties; that the defendant was to give the grantor his note—it was stated in the sum of $5,000 but this was afterwards changed to $2500 as the nominal consideration.    But the terms agreed upon were that the defendant should take possession and control of the farm at once, and out of the proceeds of the farm pay the grantor's debts; and when this was done, to convey two thirds to Mrs. Hughes for life, and the remainder of this two thirds to her daughter, Miss Hughes.    The other third was to be conveyed to the children of the defendant in consideration of the defendant's services and trouble.    That he is not a lawyer, and did not know it was necessary to insert these stipulations and trusts in the deed, but he used the ordinary printed form and filled in the blanks.    This evidence was objected to by the defendant upon the ground that it contradicted the deed.    The objection cannot be sustained.    It does not contradict the deed in any respect.    The conveyance to the defendant in fee stands.    It is necessary that he should have this to perform the trust.    It is not an instance of declaring an absolute deed to be a mortgage, where it is necessary to show the ignorance of the draftsman or the mutual mistake of the parties.    The title passed to the defendant, and, as there was a transmission of title, the plaintiffs have the right to show by parol evidence that the defendant took the title conveyed to him, subject to the parol trust declared by the grantor.    *Shelton* v. *Shelton,* 58 N. C., 292.    This case has been approved in *Riggs* v.

*Swann*, 59 N. C., 118; *Whitfield* v. *Cates*, Ibid 136; *Shields* v. *Whitaker*, 82 N. C., 516; *Holmes* v. *Holmes*, 86 N. C., 205. This disposes of the defendant's first two exceptions, as to the evidence of Sawyer.

There are two other exceptions to the refusal of the Court to allow the defendant to prove declarations of the grantor, as to the defendant's title, made after the date of the deed. We see no error in this. If the defendant had been allowed to prove what he proposed to prove, it could not have affected the case, as the deed itself showed all he proposed to prove.

There is no error, and the judgment is affirmed.

Affirmed.