GEORGE F. ANDERSON v. W. H. HARRINGTON ET AL.

(Filed 1 October, 1913.)

1. Trusts and Trustees—Parol Trusts—Partnership.

The plaintiff and defendant agreed, by parol, that they would purchase a tract of land, the latter to advance the purchase price and take the deed to himself and the former to repay it by cutting and selling the timber standing on the land, and that the land was then to be sold and the proceeds divided between them. This action is brought to sell the land and for a division of the proceeds under the terms of the agreement: *Held,* the action was to establish a parol trust in plaintiff's favor, and not for specific performance or to settle a partnership.

2. Trusts and Trustees—Parol Trusts—Statute of Frauds.

The provisions of the statute of frauds, that a sale of lands be in writing and signed by the party charged, etc., does not

apply to the declaration of a trust in lands, in the absence of statutory requirement; hence, a parol trust in lands to stand seized to the use of another is enforcible in North Carolina.

APPEAL by defendant from *O. H. Allen, J.,* at May Term, 1913, of CRAVEN.

Civil action. This issue was submitted to the jury by the court:

"Did the plaintiff and defendant contract and agree as alleged in section 1 of the complaint, and was the deed made to Harrington in accordance with said agreement? Answer: Yes."

Section 1 of the complaint is as follows:

That prior to 11 April, 1911, the plaintiff had bargained for the purchase of the tract of land herein referred to, at the price of $450, and applied to the defendant W. H. Harrington for the money, whereupon it was agreed between the plaintiff and W. H. Harrington that plaintiff should buy the property and draw on the defendant W. H. Harrington for the purchase money, and then the plaintiff was to proceed with the cutting of the standing timber on the tract and sell the same and turn over the net proceeds to the defendant W. H. Harrington, until such payments had amounted to the purchase price, and that they would then sell the land and divide the proceeds then between them, share and share alike, or otherwise they would be equal owners in the land after the said W. H. Harrington had been paid the purchase money.

It is admitted in the answer that the deed to the land and timber was executed to defendant by A. J. Waters and wife on 11 April, 1911.

It is further admitted "that plaintiff made a draft on defendant W. H. Harrington for the said $450 with which to pay the grantor in the said deed, which draft was paid and honored by the said W. H. Harrington."

Upon these admissions and the finding of the jury, his Honor adjudged "that W. H. Harrington be first paid the balance of the $450 purchase money, and the balance be equally divided between the plaintiff and defendant; that costs, including this term, be taxed against the defendant W. H. Harrington; that

for purpose of division D. L. Ward and W. D. McIver be appointed commissioners to make sale of the land and timber according to law."

The defendant excepted and appealed.

*W. D. McIver for the plaintiff.*
*D. L. Ward for the defendant.*

BROWN, J.   In the view we take of this case, it is unnecessary to consider each of the numerous assignments of error.

In the briefs the action appears to be treated as one to settle a copartnership, whereas it is in reality an action to set up and establish a parol trust in land.

The defendant requested his Honor to charge the jury:

"There is no evidence in this case to sustain a recovery of an interest in land. In order to recover land, there must be some memorandum in writing signed by the party to be bound thereby."

This is not an action for specific performance of a contract in the sale of land, but one to establish a trust.   One of the four methods of creating a trust is by contract, based upon valuable consideration, to stand seized to the use of or in trust for another.   *Wood v. Cherry,* 73 N. C., 115.

It is so well settled in this State that the statute of frauds, requiring a memorandum in writing in respect to the sale of land to be signed by the party charged, does not apply to the declaration of trusts, that it is a waste of time to discuss the question at this late day.   *Riggs v. Swan,* 59 N. C., 118.

At common law it was not necessary that a trust be declared in any particular mode.   In England the statute requires that declarations of trust be evidenced and proved by some writing, but in this State there is no such requirement, and therefore the matter stands as at common law.   *Riggs v. Swan,* 59 N. C., 118; *Shelton v. Shelton,* 58 N. C., 292.

In view of this well settled principle, it has been held that where one person buys land under an agreement to do so and to hold it for another until he repays the purchase money, the purchaser becomes a trustee for the party for whom he purchases the land.

SMITH *v.* R. R.

*Cobb v. Edwards,* 117 N. C., 244; *Holden v. Strickland,* 116 N. C., 185; *Owens v. Williams,* 130 N. C., 165.

The jury have found the facts set out in section 1 of the complaint to be true. Those facts are sufficient to create a trust in the defendant for plaintiff's benefit, and it necessarily follows that the judgment pronounced by his Honor is correct.

The motion to nonsuit was properly denied, as there is abundant evidence introduced by the plaintiff tending to establish the trust alleged in the complaint.

No error.