### A. W. WILSON AND A. S. MEADOWS v. BOOKER L. JONES AND WIFE, LEAH.

(Filed 16 October, 1918.)

**1. Trusts and Trustees—Parol Trusts—Mortgages—Sales—Purchasers.**

A parol agreement with the purchaser at or before the sale of land under mortgage that he will hold the title subject to repayment by the mortgagor creates a valid and enforcible parol trust in favor of the latter.

**2. Same—Assignment of Bid—Options.**

Where the purchaser at a mortgage sale has agreed by parol with the mortgagor that he will hold the title subject to repayment by the latter, but, being unable to pay the purchase price, has assigned his bid to a third person, procured by the mortgagor, who acquires a deed for the land without knowledge or notice of the parol trust, but afterwards agrees with the mortgagor and purchaser at the sale that, should the mortgagor pay a certain sum at a fixed time, and the balance as specified, he would convey the title to him: *Held*, such an agreement is an option, conferring no interest in the property itself until compliance, and the purchaser is entitled to the possession as against the mortgagor therein, who has failed to comply with the terms of the option.

**3. Trusts and Trustees — Parol Trusts — Trials — Appeal and Error—Mortgages—Sales—Surplus—Pleadings.**

Where the plaintiff, a mortgagor, has failed in his suit to engraft a parol trust in his favor on the title acquired by the purchaser at the mortgage sale, and the cause has been tried solely on issues relevant thereto, the question of a recovery of the balance of the purchase price over and above the mortgage debt and costs of sale, though alleged in the answer, does not arise for determination on appeal. In this case the question is left, without prejudice, to be determined in an independent action, should it become necessary, and the mortgagor should thus proceed.

ACTION to recover land, tried before *Stacy, J.*, and a jury, at February Term, 1918, of FRANKLIN.

There was denial of plaintiff's title on the part of Booker Jones, and averment by way of further defense that plaintiffs held the land affected with a trust in favor of Booker Jones, growing out of an agreement with one J. W. King, who bid on the land at foreclosure sale, and which plaintiffs had recognized and were bound by.

Defendant Leah Jones answered, denying plaintiff's title, alleging the existence of a trust in favor of her husband, Booker, and also claiming a portion of the purchase money by reason of the fact that she held the legal title to the land, subject to a mortgage executed by herself and husband to secure the purchase money.

On issues submitted, the jury rendered the following verdict:

1. Do the plaintiffs hold the land described in the pleadings in trust for the defendants, as alleged in the answer? Answer: No.

2. Are the plaintiffs the owners in fee and entitled to the immediate possession of the land described in the complaitn? Answer: Yes.

3. Do the defendants wrongfully withhold the possession thereof? Answer: Yes.

4. What is the annual rental value of said land? Answer: $140.

Judgment for plaintiffs, and defendants, having duly excepted, appealed.

*W. H. Yarborough and Ben T. Holden for plaintiffs.*
*W. M. Person and S. A. Newell for defendants.*

HOKE, J. There were facts in evidence to the effect that in March, 1913, defendant Booker Jones bought the land in question at public sale under judicial decree and had the title conveyed to his wife and codefendant Leah; that he borrowed the money to pay for the land, the debt and accrued interest amounting to $1,320, and he and his wife joined in the execution of a deed of trust to secure the same; that default having been made, the land was, after due advertisement, sold under the provision contained in the deed and bid off by one J. W. King at $1,725; that King, not being able to secure the money, transferred his bid, with assent and procurement of said Jones, to the present plaintiffs. Deed was executed not long after the sale to present plaintiffs, who paid the price bid at the foreclosure sale, and in 1916 instituted the present suit.

The evidence on the part of the defendants tended to show that said King bid off the land and the bid was transferred to the present plaintiffs and title acquired under an agreement to hold the land in trust for said Booker Jones, and allow him to redeem the same at a stated price, and, on the part of plaintiffs, that there was no agreement to buy the land and hold in trust for Jones, but that the land was bid off by King for his own benefit; bid was transferred, money paid and title taken, and that afterwards and as an independent agreement, King and plaintiffs had given Jones an option on the land at the price bid, he to pay $200 at the end of the first year, and on such payment he was to have another year within which to buy the land, etc.; that plaintiffs had bought the land and taken the title without notice of an agreement between King and Jones, but that in recognition of King's agreement plaintiffs had given defendant a written option to the effect, as stated, that said defendant had never made any payment pursuant to the option nor any payment whatever on the land under either agreement, and having failed and refused to pay plaintiff, brought suit for possession of the property.

On these opposing positions, it is fully recognized in this jurisdiction that if, at or before the sale, there was an agreement between these

parties creating a trust in favor of the defendants, the same could be made available to them in the present action. *Williams v. Hunnicutt,* at the present term; *Gaylord v. Gaylord,* 150 N. C., 222; *Sykes v. Boone,* ·132 N. C., 199.

In *Gaylord case, supra,* the principle is stated as follows: "The seventh section of the English statute of frauds, forbidding 'the creation of parol trusts or confidences of lands, tenements or hereditaments, unless manifested and proved by some writing,' not being in force with us, and no statute of equivalent import having been enacted, these parol trusts have a recognized place in our jurisprudence and have been sanctioned and upheld in numerous and well-considered decisions," citing *Avery v. Stewart,* 136 N. C., 436; *Sykes v. Boone,* 132 N. C., 199·; *Shelton v. Shelton,* 58 N. C., 292; *Strong v. Glasgow,* 6 N. C., 289.

And in *Sykes v. Boone* it was held, among other things, "That when a person takes a deed for property with an agreement that he will, upon the payment of a certain sum, convey the same to a third person a parol trust is created in favor of the latter."

On the other hand, if, as plaintiffs contend, this land was purchased and title acquired without such agreement existent at the time, and afterwards the purchaser gave to the original owners the privilege or option to buy on compliance with specified terms, and no compliance whatever made by such owners within the time, in that event defendants, the original owners, never acquired or held any interest in the property itself, and their claim is no valid defense in a suit by the purchaser for the possession of the property.

Interpreting and allowing significance to the verdict in reference to the testimony and his Honor's charge, the permissible and proper rule under our procedure (*Reynolds v. Express Co.,* 172 N. C., 487), it is clearly established that the transaction between these parties created not a trust but an option; that there had been no compliance with the terms made or attempted by defendants, or either of them, and we are of opinion that the judgment on the verdict, that plaintiffs are the owners and entitled to possession of the property, must be affirmed.

We are not inadvertent to the fact that Leah Jones, the original holder of the naked legal title, has filed an answer claiming the surplus realized at the foreclosure sale over and above the amount borrowed for the purchase money, or that J. W. King, who has apparently received his, also had been made party defendant. On the facts in evidence, such a claim is not necessary or properly relevant to the·determinative issues involved in this action. It does not appear to have been considered or passed upon in the court below, nor are there any exceptions noted that present it for decision on the present appeal. The judgment, however, will be entered without prejudice to any claim she may have for such

surplus asserted in an independent action for the same. *Baugert v. Blades,* 117 N. C., 221.

There is no error, and the judgment below is affirmed.

No error.