G. W. COLE ET AL. v. OLIVER SHELTON ET AL.

(Filed 21 December, 1927.)

**Actions—Misjoinder—Parties—Causes of Action—Parol Trusts — Mortgages.**

Where the complaint in a suit to engraft a parol trust upon the title to lands in favor of a husband and wife, alleges that they gave a mortgage on three tracts of land, the husband having title in two of them and his wife in the other, and that the husband for himself and as agent for his wife had agreed with a third person that the latter should bid it in at the sale and hold the title in trust for them upon certain trust relations: *Held,* in a suit against the administrator of the alleged deceased trustee, the complaint was not demurrable upon the ground of a misjoinder of parties and causes of action.

APPEAL by defendants from *Shaw, J.,* at April Term, 1927, of MADISON.

Civil action to establish a parol trust for an accounting and for damages.

It is alleged that on and prior to 3 October, 1910, G. W. Cole was the owner in fee and in possession of two tracts of land, and the *feme* plaintiff, his wife, was the owner in fee and in possession of a third tract of land, each and all of said tracts being specifically described in the complaint; that on said date the plaintiff, G. W. Cole, being indebted to Fowler Shelton, ancestor and intestate respectively of defendants, in the sum of $10,000, with the joinder of his wife, executed a single deed of trust on all three tracts of land to secure the payment of said indebtedness; that thereafter G. W. Cole, acting for himself and as agent of his wife, so far as her tract of land was concerned, agreed with the said Fowler Shelton that the three tracts of land should be offered for sale under the deed of trust and purchased by the said Fowler Shelton and held by him in trust for plaintiff and his wife on

certain conditions set forth in the complaint; that said lands were offered for sale and bid in by defendants' ancestor and intestate respectively, in accordance with the agreement aforesaid, and that the said Fowler Shelton died without having discharged the obligations of his trust. Wherefore plaintiffs bring this action to establish the alleged parol trust for an accounting and for damages.

The defendants demurred, alleging a misjoinder both of parties and causes of action. From a judgment overruling the demurrer the defendants appeal, assigning error.

*George M. Pritchard, Thomas S. Rollins and Carter & Carter for plaintiffs.*

*Guy V. Roberts, J. Coleman Ramsey, John H. McElroy and Mark W. Brown for defendants.*

STACY, C. J. The demurrer was properly overruled. It is sufficient to say that the rights of all the parties are dependent upon the establishment or nonestablishment of the alleged parol trust, which grows out of a single agreement, if made at all, affecting all three tracts of land. Hence, it is the one alleged transaction out of which the rights of all the parties arise. C. S., 507. It is observed, also, that the action is one cognizable only in equity. *McNinch v. Trust Co.*, 183 N. C., 33, 110 S. E., 663; 1 R. C. L., 362.

The effect of the judgment entered in the Superior Court was to overrule the demurrer and no more.

Affirmed.