Civil action to establish a parol trust for an accounting and for damages.
It is alleged that on and prior to 3 October, 1910, G. W. Cole was the owner in fee and in possession of two tracts of land, and the feme
plaintiff his wife, was the owner in fee and in possession of a third tract of land, each and all of said tracts being specifically described in the complaint; that on said date the plaintiff, G. W. Cole, being indebted to Fowler Shelton, ancestor and intestate respectively of defendants, in the sum of $10,000, with the joinder of his wife, executed a single deed of trust on all three tracts of land to secure the payment of said indebtedness; that thereafter G. W. Cole, acting for himself and as agent of his wife, so far as her tract of land was concerned, agreed with the said Fowler Shelton that the three tracts of land should be offered for sale under the deed of trust and purchased by the said Fowler Shelton and held by him in trust for plaintiff and his wife on *Page 742 
certain conditions set forth in the complaint; that said lands were offered for sale and bid in by defendants' ancestor and intestate respectively, in accordance with the agreement aforesaid, and that the said Fowler Shelton died without having discharged the obligations of his trust. Wherefore plaintiffs bring this action to establish the alleged parol trust for an accounting and for damages.
The defendants demurred, alleging a misjoinder both of parties and causes of action. From a judgment overruling the demurrer the defendants appeal, assigning error.
The demurrer was properly overruled. It is sufficient to say that the rights of all the parties are dependent upon the establishment or nonestablishment of the alleged parol trust, which grows out of a single agreement, if made at all, affecting all three tracts of land. Hence, it is the one alleged transaction out of which the rights of all the parties arise. C. S., 507. It is observed, also, that the action is one cognizable only in equity. McNinch v. Trust Co., 183 N.C. 33, 110 S.E. 663; 1 R. C.L., 362.
The effect of the judgment entered in the Superior Court was to overrule the demurrer and no more.
Affirmed.