CHARLES W. BUNDY, RECEIVER OF THE ESTATE OF G. A. MARSH, DECEASED,
v. KATE HOUGH MARSH, INDIVIDUALLY, AND KATE HOUGH MARSH,
EXECUTRIX OF THE ESTATE OF G. A. MARSH, DECEASED; LEX MARSH,
JR., LEX MARSH COMPANY, A CORPORATION, AND THE MARSH LAND
COMPANY, A CORPORATION.

(Filed 24 January, 1934.)

**1. Executors and Administrators C a—**

Equity has the power to appoint a receiver for the estate of a decedent
in a pending action, and such receiver may thereafter maintain an action
against the executor and others to recover for misapplication of funds
and to recover funds so misapplied.

**2. Pleadings A a—Complaint alleging connected grounds for relief arising
from same transaction or series of transactions is not demurrable.**

An action by the receiver of the estate of a decedent against the
executrix in her representative capacity for failure to file accounts and
mismanagement of the estate, etc., and against the executrix individually
and an heir at law for the diversion of the funds to the heir and to
corporations controlled by him, and against the corporation to recover
assets of the estate thus wrongfully diverted to their use, states a cause
of action in the nature of a creditors' bill for an accounting and the
recovery of assets wrongfully disposed of, and the complaint is not
subject to demurrer for misjoinder of parties and causes, since, constru-
ing the pleading as a unit, it relates a connected story arising out of the
same transaction or series of transactions, setting up one general right of
plaintiff, though the rights of defendants may be distinct.

CIVIL ACTION, before *Harding, J.,* at October Term, 1933, of MECK-
LENBURG.

The story told by the complaint is substantially as follows: G. A.
Marsh died testate on 29 June, 1930. In his will he appointed the de-
fendant, Kate Hough Marsh, executrix, and she duly qualified on 14
July, 1930. Prior to 4 October, 1932, suit was pending in the Superior
Court of Mecklenburg, entitled J. M. Logan, receiver, and other creditors
of the estate of G. A. Marsh v. Kate Hough Marsh, executrix, and Kate
Hough Marsh, individually. On 4 October, 1932, the plaintiff Bundy
was duly appointed receiver of the estate of G. A. Marsh, deceased, by
an order made in the pending suit, which order was consented to by the
attorneys for all parties, including Kate Hough Marsh. The defendant,
Lex Marsh, Jr., is the son of the deceased, G. A. Marsh, and of Kate
Hough Marsh, and Lex Marsh Company, a corporation, is dominated
and controlled by Lex Marsh, Jr., who also had charge of the affairs of
the defendant, Marsh Land Company. It was specifically alleged that
"the affairs of the estate of G. A. Marsh, deceased, have been handled

in one office under the direction and control of the defendant, Lex Marsh, Jr., and that said defendant . . . actively handled the turning over of the assets of said estate to himself and to the corporate defendants, and . . . that he is jointly responsible with the defendant, Kate Hough Marsh, for said acts and for the dissipation of the assets of the estate of G. A. Marsh, deceased; . . . that the corporate defendants are responsible to the extent to which they have received and used assets of said estate, and that the plaintiff is entitled to an accounting from all the defendants."

The complaint further alleges certain specific causes of action which may be summarized as follows:

1. The failure of the executrix to file annual accounts.

2. The diversion of the assets of the estate for the benefit of defendants.

3. Personal use of the funds of the estate by the executrix.

4. Unlawful expenditures for services by the executrix.

5. Improper sale of real estate owned by the deceased.

6. That the defendant, Marsh Land Company, holds or claims certain assets that belong to the estate and which the executrix should recover and administer to the benefit of the creditors.

The defendants demurred to the complaint upon the following grounds:

1. That the plaintiff has not legal capacity to sue for the reason that Kate Hough Marsh was the acting executrix of the will and has neither been discharged nor removed as such, and hence the receiver so appointed cannot maintain the action, particularly in view of the fact that he has no special or general authority to prosecute the same.

2. That the complaint disclosed a misjoinder of parties and causes of action in that certain causes of action are alleged against the executrix in her representative capacity and as an individual, together with certain causes of action for the recovery of funds alleged to have been paid to Lex Marsh, Jr., and to Lex Marsh Land Company, and that no specific amount of diverted funds or assets are set up in the complaint.

The trial judge overruled the demurrer and from such order the defendants appealed.

*John M. Robinson and Hunter M. Jones for plaintiffs.*
*Fred B. Helms for defendants.*

BROGDEN, J. The power of the court to appoint a receiver for the estate of a decedent in a pending action was recognized and applied *In re Estate of Wright,* 200 N. C., 620, 158 S. E., 192.

In arriving at a conclusion as to whether a misjoinder of parties and causes of action appears in a given complaint, the entire pleading must be construed as a unit. Interpreting the complaint in the present case, it is obvious that the suit brought by the receiver is in the nature of a creditors' bill for an accounting, including the recovery of assets of the estate wrongfully disposed of and for assets which should be applied to the claims of creditors. The governing principle is quoted in *Chemical Co. v. Floyd*, 158 N. C., 455, 74 S. E., 465, as follows: "If the grounds of the bill be not entirely distinct and wholly unconnected; if they arise out of one and the same transaction, or series of transactions, forming one course of dealing, and all tending to one end—if one connected story can be told of the whole, the objection cannot apply. And it has been held not to apply, when there has been a general right in the plaintiff, covering the whole case, although the rights of the defendants may have been distinct. Nor will it apply when one general right is claimed by the plaintiff, though the individuals made defendants have separate and distinct rights; and in such a case they may all be charged in the same bill, and a demurrer for that cause will not be sustained." See *Bedsole v. Monroe*, 40 N. C., 313; *Fisher v. Trust Co.*, 138 N. C., 225, 50 S. E., 659; *S. v. McCanless*, 193 N. C., 200, 136 S. E., 371. Many apposite decisions are reviewed in the *McCanless case, supra*. The cases cited and others of like tenor fully sustain the judgment.

Affirmed.