W. H. BELLMAN AND WIFE, PAULINE PRIDGEN BELLMAN; G. W. PRIDGEN; MRS. C. C. MONTGOMERY: MRS. EMMA PRIDGEN STRICKLAND; CORRINE PRIDGEN; HOWARD FRESHWATER AND WIFE, FLEETA PRIDGEN FRESHWATER; J. E. DICKINSON, INDIVIDUALLY; FRANCES D. NICHOLS AND HUSBAND, RICHARD NICHOLS; CARL DICKINSON; JAMES DICKINSON AND WIFE, WILLISTIENE DICKINSON; MRS. A. O. JOYNER, MINOR, AND HER HUSBAND, A. O. JOYNER; ANNIE GAY DICKINSON, MINOR; MRS. A. O. JOYNER AND ANNIE GAY DICKINSON, MINORS, BEING REPRESENTED BY J. E. DICKINSON, THEIR NEXT FRIEND; MRS. GRACE PRIDGEN, WOODRUFF PRIDGEN; JOE RUARK AND WIFE, GRACE PRIDGEN RUARK, AND ELIZABETH PRIDGEN, v. W. J. BISSETTE AND WIFE, MINNIE BISSETTE; L. F. BARBEE AND WIFE, NETTIE P. BARBEE; T. W. STERRETT, TRUSTEE; THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; R. O. MULLEN, TRUSTEE, AND F. D. BISSETTE.

(Filed 30 September, 1942.)

**1. Pleadings § 16a—**

A demurrer on the ground of misjoinder of parties and causes of action will not lie when the complaint sets out a series of transactions connected with the same subject of action, flowing from the same cause, all leading to one end, and plaintiff may join several causes of action against defendants who have distinct and separate interests, in order to conclude the whole matter in one suit.

**2. Same—**

In a suit, alleging misconduct by trustees, to whom land was conveyed, and to enforce a trust agreement executed by grantees for the benefit of grantors' children and for an accounting, the plaintiffs and two of the defendants being all of the children and the only heirs at law of the grantors and the other defendants being the trustees and their grantees of a part of the trust property. *Held:* Demurrer for misjoinder of parties and causes properly overruled.

APPEAL by defendants L. F. Barbee and wife, Nettie P. Barbee, from *Frizzelle, J.,* at June Term, 1942, of NASH. Affirmed.

This was an action to enforce the provisions of a trust agreement with respect to land, and to require the conveyance of lands now held by defendants Bissette and Barbee, and for an accounting.

The defendants Bissette answered. The defendants Barbee demurred on the ground of misjoinder of parties and causes of action. From judgment overruling the demurrer defendants Barbee appealed.

*H. D. Cooley, H. E. May, and Battle, Winslow & Merrell for plaintiffs, appellees.*

*L. L. Davenport and W. H. Yarborough for defendants Barbee, appellants.*

*O. B. Moss for defendants Bissette.*

DEVIN, J. By their demurrer the appellants seek to have the complaint overthrown and the action dismissed as to them on the ground of misjoinder of parties and causes of action. This requires an examination of the complaint in the light of the indicated ground of attack. The complaint is lengthy, but the allegations material to the decision of the question presented may be concisely stated as follows: It is alleged that the plaintiffs and the defendants Mrs. Minnie Bissette and Mrs. Nettie P. Barbee are the children and only heirs of E. W. Pridgen and wife, now deceased; that 20 November, 1930, E. W. Pridgen and wife conveyed to the defendants Bissette three tracts of land, and contemporaneously defendants Bissette executed in writing a trust agreement whereby they undertook to hold the lands in trust for E. W. Pridgen and wife, cultivate the lands, pay off encumbrances, contribute to the support of the grantors during their lives, and upon their death convey the property to the children of the grantors, share and share alike. Out of the money derived from the use of the lands the defendants Bissette were to retain certain compensation, pay funeral expenses of E. W. Pridgen and wife, and divide the remainder among their children.

It is alleged that the defendants Bissette failed to comply with the terms of the trust agreement, committed waste, traded with themselves, failed to account for rents and profits, and further in violation of the trust conveyed one tract of the trust estate to the defendant Barbee who, it is alleged, took with notice of the terms of the trust and who has also committed waste, sold timber and failed to account for rents and profits, and for money received from a loan on the land extended by defendant Insurance Company.

It is alleged that the equitable title to the lands is in all the children of E. W. Pridgen and wife, and plaintiffs ask that defendants Bissette and Barbee as trustees be required to convey the lands in accordance with the terms of the trust agreement, and account for rents and profits.

Manifestly this is an equitable proceeding among members of the same family to close a trust in which both plaintiffs and defendants are interested, and to require the reconveyance of lands, the legal title to which is held by the defendants Bissette and Barbee as trustees for the benefit of all the children of E. W. Pridgen and wife, including the defendants Mrs. Minnie Bissette and Mrs. Nettie P. Barbee. The rights of the parties are controlled by the trust agreement under which the lands were conveyed by E. W. Pridgen and wife, and the transactions set out in the complaint affect all the parties and beneficiaries of that trust, both plaintiffs and defendants. Mrs. Barbee is a beneficiary of the trust and hence interested, as one of the children of E. W. Pridgen and wife, in having a conveyance of the land made to her, as well as to the other children, by defendants Bissette. And equally Mrs. Bissette, as well as all the other children of E. W. Pridgen and wife, is interested in securing a conveyance and accounting by defendant Barbee.

It would seem necessary for the proper enforcement of the rights of the plaintiffs, as well as of the defendants, that all those who hold the lands in trust for them, under the same trust agreement, be joined as parties, in order that the whole matter may be concluded in one suit. The causes of action set out in the complaint arise out of the same transaction or transactions connected with the same subject of action, and affect all the parties to the action. C. S., 507. The basis of the plaintiffs' action, as set out in the complaint, is the trust agreement which affects the rights of all, and out of which the rights of all arise. *Cole v. Shelton,* 194 N. C., 741, 140 S. E., 734.

The principle is stated in *Young v. Young,* 81 N. C., 92 (headnote), as follows: "Where a general right is claimed arising out of a series of transactions tending to one end, the plaintiff may join several causes of action against defendants who have distinct and separate interests, in order to a conclusion of the whole matter in one suit." Upon similar facts in *Leach v. Page,* 211 N. C., 622, 191 S. E., 349, it was decided that a demurrer on the ground of misjoinder of parties and causes of action was properly overruled. To the same effect is the holding in *Bundy v. Marsh,* 205 N. C., 768, 172 S. E., 353, and *Cotton Mills v. Maslin,* 195 N. C., 12, 141 S. E., 348.

It has been frequently said by this Court that a demurrer on the ground of misjoinder of parties and causes of action will not be sustained when the complaint sets out a series of transactions connected with the same subject of action, flowing from the same cause, all leading to the one end and narrating a connected story. *Bedsole v. Monroe,* 40 N. C., 313; *Daniels v. Fowler,* 120 N. C., 14, 26 S. E., 635; *Hawk v. Lumber Co.,* 145 N. C., 48, 58 S. E., 603; *Chemical Co. v. Floyd,* 158 N. C., 455, 74 S. E., 465; *Lee v. Thornton,* 171 N. C., 209, 88 S. E., 232; *Trust Co.*

*v. Peirce,* 195 N. C., 717, 143 S. E., 524; *Barkley v. Realty Co.,* 211 N. C., 540, 191 S. E., 3; *Leach v. Page, supra.*

Appellants have cited a number of cases in which demurrers on this ground have been sustained by this Court, but upon examination we do not think them controlling here. In the last case on this subject to be. considered, *Wingler v. Miller,* 221 N. C., 137, the demurrer was sustained for the reason as stated, that "different. causes of action are attempted to be set up against different parties, not common to all." *Cf. Bank v. Angelo,* 193 N. C., 576, 137 S. E., 705, and *Burleson v. Burleson,* 217 N. C., 336, 7 S. E. (2d), 706.

We conclude that the complaint in this action cannot be defeated by demurrer upon the ground of misjoinder of parties and causes of action, and that the judgment must be

Affirmed.