NANNIE W. McDANIEL, BETTY W. MOORE, KYLE W. SHIPLEY, RUTH W. SHIRLEY, HILDA W. RODER AND HUSBAND RAY RODER, BRUCE W. MOORE AND HUSBAND T. C. MOORE, PEARL W. BREEDLOVE AND HUSBAND L. L. BREEDLOVE, GRACE W. COX AND HUSBAND ADOLPH COX, SYBIL W. BANKS AND HUSBAND P. N. BANKS v. R. L. FORDHAM AND WIFE CLARINE W. FORDHAM, HELEN W. MOORE AND HUSBAND MATTHEW MOORE.

(Filed 18 March 1964.)

**1. Trusts § 13—**

A parol trust may be impressed upon the legal title when the grantee takes title under an express agreement to hold the property for the benefit of a person other than the grantor, provided such agreement is made contemporaneously with or prior to the execution of the conveyance.

**2. Same—**

An express trust cannot be engrafted by parol upon an inheritance.

**3. Same—**

Where a deed is executed under a contemporaneous parol agreement that grantors should remain in possession and that the grantees would pay off the existing mortgage indebtedness, and, after the grantors had repaid them, would hold the land in trust until the death of the survivors of the grantors

and then convey the property to the grantors' children, the parol trust is not on the prospective inheritance of the grantors' children, since the beneficial interest is in the grantors' children at all times after the execution of the deed.

4. Same—

An action to establish a parol trust and to compel an accounting of the rents and profits by the alleged trustees is not demurrable for misjoinder of parties and causes of action, notwithstanding the asserted trust is in favor of the daughters of a decedent and is instituted by some of the daughters, with the joinder of their respective husbands, against two other daughters and their respective husbands, one of which was the alleged trustee and the other the grantee of a portion of the land in satisfaction of her interest in the trust estate.

APPEAL by plaintiffs from *Stevens, J.,* September Session 1963 of JONES.

This is a civil action instituted by the plaintiffs against the defendants, seeking to establish a parol trust in favor of the feme plaintiffs and the feme defendants.

The feme plaintiffs are nine of the eleven daughters of S. H. Wilcox and his wife, Irene Wilcox. The feme defendants are the remaining two daughters of the couple. The husbands of those who are married have been joined with their wives as plaintiffs or defendants, as the case may be.

The plaintiffs' complaint alleges the following facts:

In 1940, S. H. Wilcox was the owner of a 194.54 acre tract of land in Jones and Lenoir Counties, and a 28.30 acre tract of land in Lenoir County. Prior to 16 December 1940 the parents agreed to convey the lands to their daughter Clarine W. Fordham and her husband, R. L. Fordham, two of the defendants herein, pursuant to an agreement and promise that the Fordhams would pay the existing indebtedness against the land to the Federal Land Bank of Columbia, South Carolina, and allow the grantors to remain in possession of the lands conveyed and repay the Fordhams, the Fordhams to hold the land in trust until the death of the survivor of the grantors, and then convey the property to the eleven daughters of the grantors.

Pursuant to this agreement the lands were conveyed to the Fordhams by warranty deed on 16 December 1940 and duly recorded. Subsequent to this time, S. H. Wilcox fully repaid the Fordhams for their discharge of the indebtedness against the lands. On 28 September 1946, the Fordhams conveyed 58 acres of the land to the defendants Matthew Moore and wife, Helen W. Moore. It is alleged on information and belief that S. H. Wilcox received the consideration for this conveyance, a part of

said consideration being that Helen W. Moore would relinquish her interest in the trust estate. Until 1951, S. H. Wilcox listed the property for taxation and obtained from the Jones County A.S.C. Committee acreage allotments for crops in his own name.

Irene Wilcox died in 1951. On 25 June 1951, R. L. Fordham filed an affidavit in the office of the Clerk of the Superior Court of Jones County, stating that S. H. Wilcox was incompetent to manage his affairs, and procured the appointment as guardian for S. H. Wilcox. Beginning in 1951 the property was listed for taxation in the name of R. L. Fordham and acreage allotments were transferred to him. S. H. Wilcox died in 1956.

On information and belief it is alleged that R. L. Fordham never filed an account with the Clerk of the Superior Court of Jones County until a purported final accounting was filed on 19 February 1963. In February 1963 the plaintiffs demanded that Fordham convey the property to the daughters of S. H. and Irene Wilcox. The Fordhams refused to convey the land but offered the plaintiffs $700.00 each for their interest.

It is also alleged on information and belief that the Fordhams hold the land in trust for all the daughters of S. H. and Irene Wilcox except Helen W. Moore; that the Fordhams are in wrongful possession of the land; that plaintiffs are entitled to have a receiver appointed *pendente lite;* that the plaintiffs are entitled to the rents and profits for each year subsequent to 1951; and that the annual rental value of the land is $3,000.

Plaintiffs seek a declaration that the Fordhams hold the remaining land in trust for the benefit of all the daughters of S. H. and Irene Wilcox except Helen W. Moore, for the appointment of a receiver and an accounting for the years subsequent to 1951.

Defendants demurred on the grounds that there was a misjoinder of parties and causes and that the complaint fails to state any cause of action.

The trial court sustained the demurrer "for the reasons stated therein, and particularly in that it appears to the court and the court finds that there is a misjoinder of both parties and causes, and that the complaint attempts to allege and impress a parol trust on a perspective (*sic,* prospective) inheritance."

The plaintiffs appeal from the judgment dismissing the action, assigning error.

*Brock & Hood, Darris W. Koonce for appellants.*

*George R. Hughes, Wallace & Wallace, Whitaker & Jeffress for appellees.*

DENNY, C.J.  This appeal presents two questions for consideration and determination. (1) Do the plaintiffs in their complaint attempt to en-

graft a parol trust on a prospective inheritance? (2) Is there a misjoinder of parties and causes of action?

In this jurisdiction an express trust may be impressed on land by a parol agreement accompanying the conveyance of the legal title. *Taylor v. Addington,* 222 N.C. 393, 23 S.E. 2d 318; *Peele v. LeRoy,* 222 N.C. 123, 22 S.E. 2d 244; *Wilson v. Jones,* 176 N.C. 205, 97 S.E. 18; *Anderson v. Harrington,* 163 N.C. 140, 79 S.E. 426; *Blackburn v. Blackburn,* 109 N.C. 488, 13 S.E. 937; *Riggs v. Swann,* 59 N.C. 118.

It is equally well settled that an express trust cannot be engrafted by parol upon an inheritance which is a gift of the law and not a grant of the decedent.

In *Taylor v. Addington, supra,* it is said: "The transaction out of which an express parol trust of this nature may arise is necessarily one of contract. In considering the effect of the parol promise or agreement, we must not forget that the principal role in the creation of an express trust is taken by the owner with that intent; the parol promise is complementary and incidental to such action as is taken by the owner and in furtherance thereof. It is effectual only when made in connection with the transfer of title and, by necessary inference, to the party who makes the transfer. *Dover v. Rhea,* 108 N.C. 88, 13 S.E. 164. It pre-supposes that such party has control of the subject matter of the trust which he desires to create, and contributes it by conveyance of the land with that intent (Tiffany, Real Property, 1939, section 250), the grantee, at the same time, accepting the title as affected by his agreement. *Peele v. LeRoy, supra.* Devolution of title in a case of intestacy is no more the voluntary act of the decedent owner than is his own dissolution. It is a thing that will happen if let alone; the resulting inheritance is a gift of the law and not the grant of the decedent. The inheritance law is certainly innocent of any purpose to create a trust in determining the succession, and it imposes no condition of acceptance other than inheritability. There is nothing, in the legal sense, upon which a parol trust may be engrafted."

The seventh section of the English Statute of Frauds, which forbids the creation of a parol trust in land, has never been enacted in this jurisdiction. Therefore, a parol trust may be enforced when the grantee takes title to property under an express agreement to hold the property for the benefit of another, other than the grantor. *Carlisle v. Carlisle,* 225 N.C. 462, 35 S.E. 2d 418, and cited cases.

The facts in *Hughes v. Pritchard,* 122 N.C. 59, 29 S.E. 93, are very similar to those in the present case. There, the elderly grantor, who was in debt, conveyed by absolute deed to his nephew a tract of land, with the agreement that his nephew would hold the land in trust; that out of the rents and profits of said land the grantee should first pay off and satisfy

McDaniel v. Fordham.

the grantor's debts, and then convey two-thirds of the property to the plaintiffs, the daughter and granddaughter of the grantor, and the remaining one-third to the children of the grantee as compensation for his services. Although the question of a demurrer was not raised, the following statement of this Court is pertinent to the instant case: "* * * The evidence (tending to show that there was a parol agreement) was objected to by the defendant upon the ground that it contradicted the deed. The objection cannot be sustained. It does not contradict the deed in any respect. The conveyance to the defendant in fee stands. It is necessary that he should have this to perform the trust. It is not an instance of declaring an absolute deed to be a mortgage, where it is necessary to show the ignorance of the draftsman or the mutual mistake of the parties. The title passed to the defendant, and, as there was a transmission of title, the plaintiffs have the right to show by parol evidence that the defendant took the title conveyed to him, subject to the parol trust declared by the grantor."

In the instant case, the daughters of the grantors were in no event entitled to a conveyance of the property in question until the deaths of S. H. Wilcox and his wife; while in the *Hughes* case, the plaintiffs were entitled to a conveyance of the property when the grantor's debts were paid. But the fact that the plaintiffs here were not entitled to receive the legal title to the property until the deaths of the grantors, does not make this a parol trust on a prospective inheritance. If the allegations of the complaint can be supported by competent evidence, the beneficial interest was in the plaintiffs at all times after the grantors' deed was executed on 16 December 1940. In the *Hughes* case, it was necessary that the nephew have the legal title in order to perform the trust; in the present case, it was necessary for the defendants Fordham to retain the legal title until the deaths of S. H. Wilcox and wife, in order to insure the fulfillment of one of the provisions of the alleged trust, to wit, that S. H. Wilcox and wife were to remain in possession of the land so long as they or the survivor of them lived.

On the question of misjoinder of parties and causes, the case of *Bellman v. Bissette,* 222 N.C. 72, 21 S.E. 2d 896, is very similar. E. W. Pridgen and wife conveyed three tracts of land to defendants Bissette, and contemporaneously therewith executed in writing a trust agreement whereby defendants Bissette agreed to hold in trust the lands conveyed, to cultivate the lands, pay off encumbrances, contribute to the support of the grantors during their lives, and upon their deaths to convey the property to the children of the grantors, share and share alike. Out of the money derived from the use of the lands, defendants Bissette were to retain certain compensation, pay funeral expenses of the grantors, and to divide the remainder in the manner directed.

The complaint alleged that defendants Bissette failed to comply with the terms of the agreement, committed waste, traded with themselves, failed to account for rents and profits, and, in further violation of the trust, conveyed one tract of the trust estate to the defendants Barbee, who, it is alleged, took with notice of the terms of the trust and who also committed waste, sold timber and failed to account for rents and profits and for money received from a loan on the land extended by defendant insurance company.

It was further alleged in the complaint that the equitable title to the lands was in the children of the grantors. A demurrer was interposed by defendants Barbee on the ground of misjoinder of parties and causes of action. The demurrer was overruled and defendants Barbee appealed to this Court. Devin, J., later C.J., said: "Manifestly this is an equitable proceeding among members of the same family to close a trust in which both plaintiffs and defendants are interested, and to require the reconveyance of lands, the legal title to which is held by the defendants Bissette and Barbee as trustees for the benefit of all the children of E. W. Pridgen and wife, including the defendants Mrs. Minnie Bissette and Mrs. Nettie P. Barbee. The rights of the parties are controlled by the trust agreement under which the lands were conveyed by E. W. Pridgen and wife, and the transactions set out in the complaint affect all of the parties and beneficiaries of that trust, both plaintiffs and defendants. Mrs. Barbee is a beneficiary of the trust and hence interested, as one of the children of E. W. Pridgen and wife, in having a conveyance of the land made to her, as well as to the other children, by defendants Bissette. And equally Mrs. Bissette, as well as all the other children of E. W. Pridgen and wife, is interested in securing a conveyance and accounting by defendant Barbee.

"It would seem necessary for the proper enforcement of the rights of the plaintiffs, as well as of the defendants, that all those who hold the lands in trust for them, under the same trust agreement, be joined as parties, in order that the whole matter may be concluded in one suit. The causes of action set out in the complaint arise out of the same transaction or transactions connected with the same subject of action, and affect all the parties to the action. C.S. 507. The basis of the plaintiffs' action, as set out in the complaint, is the trust agreement which affects the rights of all, and out of which the rights of all arise. *Cole v. Shelton,* 194 N.C. 741, 140 S.E. 734.

"The principle is stated in *Young v. Young,* 81 N.C. 92 (headnote), as follows: 'Where a general right is claimed arising out of a series of transactions tending to one end, the plaintiff may join several causes of action against defendants who have distinct and separate interests, in

order to (have) a conclusion of the whole matter in one suit.' Upon similar facts in *Leach v. Page*, 211 N.C. 622, 191 S.E. 349, it was decided that a demurrer on the ground of misjoinder of parties and causes of action was properly overruled." This Court held that the demurrer upon the ground of misjoinder of parties and causes of action was properly overruled.

Likewise, in *Bundy v. Marsh*, 205 N.C. 768, 172 S.E. 353, the receiver of an estate was allowed to sue the executrix (individually and as executrix), the heir, and the heir's corporation for the wrongful diversion of estate funds. In discussing the demurrer for misjoinder of parties and causes, Brogden, J., speaking for the Court, said: "The governing principle is quoted in *Chemical Co. v. Floyd*, 158 N.C. 455, 74 S.E. 465, as follows: 'If the grounds of the bill be not entirely distinct and wholly unconnected; if they arise out of one and the same transaction, or series of transactions, forming one course of dealing, and all tending to one end — if one connected story can be told of the whole, the objection cannot apply. And it has been held not to apply, when there has been a general right in the plaintiff, covering the whole case, although the rights of the defendants may have been distinct. Nor will it apply when one general right is claimed by the plaintiff, though the individuals made defendants have separate and distinct rights; and in such a case they may all be charged in the same bill, and a demurrer for that cause will not be sustained'." *S. v. McCanless*, 193 N.C. 200, 136 S.E. 371. *Cf. Rudisill v. Hoyle*, 254 N.C. 33, 118 S.E. 2d 145.

In McIntosh, North Carolina Practice and Procedure, Second Edition, Joinder of Parties — Estate Litigation, Section 650, it is said: "Joinder is proper when plaintiffs are heirs or legatees or next of kin, as long as all the relief sought is directly connected with obtaining plaintiff's shares of the estate assets, and as long as there is some central, unifying thread—such as the provisions of a trust or agreement or will, or a misapplication of funds by the principal defendant with which the other defendants are somehow connected," citing *Ezzell v. Merritt*, 224 N.C. 602, 31 S.E. 2d 751; *Bellman v. Bissette, supra, Leach v. Page*, 211 N.C. 622, 191 S.E. 349, and numerous other decisions of this Court.

As we construe this complaint, only one cause of action is stated and that is to enforce the parol trust agreement and to require the defendant Fordham to account for the rents and profits that have come into his hands constituting trust funds, if any, whether he received them as trustee or as guardian of S. H. Wilcox. The plaintiffs might have alleged a separate cause of action by demanding the reconveyance of the land conveyed by defendant Fordham to Helen W. Moore and her husband, but no such demand has been made.

Of course, it will be necessary for the plaintiffs to establish the alleged parol trust, but once that is done it is a matter of accounting and a determination as to whether one beneficiary had received her share of the trust property prior to the accounting.

We hold that the joint demurrer interposed in the court below by all the defendants, should have been overruled. Therefore, the ruling of the court below sustaining the demurrer is

Reversed.