BARNES *v.* BARNES

LAFAYETTE BARNES, OSPY J. BARNES, THURMAN BARNES, PEARL
WADDELL STONE, PEARL BLALOCK, FLORENCE WADDELL,
PERRY LAMM, RALPH BARNES, MILTON BARNES, CAREY BARNES
AND ROBERT WADDELL v. MALLIE G. BARNES, BILLIE MOORE,
WILSON SAVINGS AND LOAN ASSOCIATION, FIRST UNION NA-
TIONAL BANK OF NORTH CAROLINA, AND MALLIE G. BARNES
AND BILLIE MOORE AS CO-EXECUTORS OF THE ESTATE OF GEORGE W.
BARNES, DECEASED

No. 697SC195

(Filed 27 August 1969)

1. Fraud § 9;   Trusts § 16—   action to impose trust upon savings ac-
count — joinder of defendants — fraudulent conduct

In an action by plaintiff beneficiaries under a will to have certain sav-
ings accounts declared to be held in trust by the individual defendants
and to be distributed according to the will of testator, the plaintiffs al-
leging that the accounts are assets of the estate in which they would
share but for the fraudulent acts of the defendants who had occupied a
position of trust toward testator, the plaintiffs should be allowed to join
as defendants all who participated in the alleged fraudulent acts as well
as all who, with knowledge, received benefits from such acts.

2. Trusts § 16—   action to impose trust upon savings accounts — join-
der of defendants — mutual mistake

In an action by plaintiff beneficiaries under a will to have certain sav-
ings accounts declared to be held in trust by the individual defendants
and to be distributed according to the will of testator, the plaintiffs al-
leging that the accounts are assets of the estate in which they would
share but for the mutual mistake of the deceased and the two defend-
ants as to the legal consequences of signing the signature cards furnished
by the savings and loan institutions, joinder of the two defendants, who
allegedly occupied position of trust toward deceased, *held* proper.

APPEAL by defendants from *May, J.*, 18 November 1968 Session,
WILSON Superior Court.

Plaintiffs filed complaint in substance alleging: All of the plain-
tiffs and the individual defendants, Mallie G. Barnes and Billie
Moore, are nieces and nephews of George W. Barnes, who died leav-
ing a last will bequeathing all of his estate, except for a few items of
personal property, to the plaintiffs and to the individual defendants.
At the time of his death the sole assets of his estate, except for a few
personal possessions which were specifically bequeathed, consisted of
savings and loan stock and savings accounts in the Wilson Savings
& Loan Association and the First Union National Bank of North
Carolina. At the time each of these accounts was established George
W. Barnes signed signature cards furnished by each institution at
which he established the account. The signature cards at the Sav-
ings & Loan Association were signed by George W. Barnes, Mallie

Barnes and Billie Moore. The card at the Bank was signed by George W. Barnes and Billie Moore. All of these cards provided for joint accounts and provided that the assets of the account would pass to the survivor whose name appeared on the card at the death of either party. George W. Barnes was 88 years of age when he signed the card at the Bank and was 80 and 87 years of age respectively at the time he signed the cards at the Savings & Loan Association. He was infirm, did not have a complete grasp of business affairs, and did not fully understand the significance of the cards he signed.

Plaintiffs further allege that George W. Barnes, Mallie G. Barnes and Billie Moore were mistaken as to the legal consequences of signing the cards, or if Mallie G. Barnes and Billie Moore were cognizant of said consequences, they fraudulently and by inequitable conduct concealed from George W. Barnes the legal consequences of his actions; that it was the intention of George W. Barnes to leave a part of his savings and loan stock and savings accounts to the plaintiffs as indicated by Item Six of his will, and he was prevented from doing so by his own mistake and by the mutual mistake of Mallie G. Barnes and Billie Moore, or by the fraud and inequitable conduct of Mallie G. Barnes and Billie Moore in concealing from George W. Barnes the legal consequences of his action; that George W. Barnes was an elderly man in poor health at the time he signed the cards; and that Mallie G. Barnes and Billie Moore were helping him with his business affairs and he relied on them for advice; that they were in a position of trust toward him; and that all of the funds were deposited by George W. Barnes.

Plaintiffs prayed that these accounts be declared to be held in trust by the individual defendants, Mallie G. Barnes and Billie Moore, to be distributed according to the will of George W. Barnes, deceased; and that the signature cards be reformed to provide that at the death of George W. Barnes the accounts shall be part of his estate.

The defendants, Mallie G. Barnes and Billie Moore, individually and as co-executors of the estate of George W. Barnes, deceased, filed a joint demurrer to the complaint and moved to dismiss on the grounds of misjoinder of parties and causes of action, which demurrer was overruled.

To the order overruling the demurrer, the demurring defendants excepted and appealed.

*Kirby, Webb & Hunt, by James B. Hunt, Jr., for plaintiff appellees.*

*Lucas, Rand, Rose, Meyer & Jones, by William R. Rand, for defendant appellants.*

PARKER, J.

[1]   The sole question presented is whether the trial court erred in overruling the demurrer interposed for misjoinder of parties and causes. The plaintiffs allege that certain accounts, some claimed jointly by Mallie G. Barnes and Billie Moore, and one claimed individually by Billie Moore, are in fact assets of the estate of George W. Barnes, deceased, in which plaintiffs would share but for the wrongful actions of the defendants. Although the plaintiffs allege that these funds were deposited on separate occasions and in different accounts, they also name both Mallie G. Barnes and Billie Moore as having participated in all of the transactions. Plaintiffs allege the same conduct as to each defendant as to all accounts.

The alleged fraud of Mallie Barnes and Billie Moore is one of the grounds for the plaintiffs' complaint. In such case, the plaintiffs should be allowed to join as defendants all who participated in the alleged fraudulent acts as well as all who, with knowledge, received benefits from such acts. *Lee v. Thornton,* 171 N.C. 209, 88 S.E. 232; *Fisher v. Trust Co.,* 138 N.C. 224, 50 S.E. 659.

[2]   In the alternative, the plaintiffs allege that George W. Barnes was prevented from leaving a part of these funds for distribution to them under the terms of his will by reason of his own mistake and the mutual mistake of Mallie G. Barnes and Billie Moore. The complaint alleges that the name of Billie Moore appears on the signature cards on all of the accounts in question and that the name of Mallie G. Barnes appears with Billie Moore on all except one account. All of these funds were deposited by George W. Barnes. The plaintiffs allege that but for the mutual mistake of the deceased and the two defendants, all of these funds would now be a part of the funds of the estate of George W. Barnes in which they would share under the terms of his will.

"Joinder is proper when plaintiffs are heirs or legatees or next of kin, as long as all the relief sought is directly connected with obtaining plaintiff's shares of the estate assets, and as long as there is some central, unifying thread — such as the provisions of a trust agreement or will, or a misapplication of funds by the principal defendant with which the other defendants are somehow connected."

1 McIntosh, N.C. Practice 2d, § 650; *McDaniel v. Fordham,* 261 N.C. 423, 135 S.E. 2d 22; *Ezzell v. Merritt,* 224 N.C. 602, 31 S.E. 2d 751; *Bellman v. Bissette,* 222 N.C. 72, 21  S.E. 2d 896.

In the present case the alleged joint conduct of the two individual defendants, who, so plaintiffs allege, occupied a position of trust toward the deceased, furnishes a sufficient "unifying thread," and joinder was proper.

The order overruling the demurrer is

Affirmed.

MALLARD, C.J., and BRITT, J., concur.