MRS. ROELLA HINES OWEN, GEORGE NORWOOD HINES AND MRS. MILDRED HINES STRAUB, v. E. R. HINES AND WIFE, JANIE L. HINES.

(Filed 19 March, 1947.)

**1. Pleadings § 2—**

If causes of action are not entirely distinct and unconnected. if they arise out of one and the same transaction, or a series of transactions forming one dealing and all tending to one end. and if one connected story can be told of the whole, they may be joined in order that the whole controversy may be determined in one action. G. S., 1-123.

**2. Same: Pleadings § 19b—Demurrer for misjoinder of causes held properly overruled.**

The complaint alleged that defendant guardian sold lands of plaintiff wards for the sum of $4,000.00, that he thereafter took deed to himself individually for other lands acquired as part of the estate, and that upon plaintiffs' majority, defendant refused to execute deed to them for the land, disaffirmed the trust relationship, and conveyed the land to his wife, his co-defendant, who took with full knowledge of all the facts. Plaintiffs prayed judgment for $4,000.00, that the sum be declared a lien on the land, that defendants be declared to hold title to the land as trustees for plaintiffs, and that the *feme* defendant be adjudged to have no title or interest in the lands. *Held:* Demurrer for misjoinder of causes was properly overruled.

**3. Guardian and Ward § 2—**

Guardianship is a trust relation in which the guardian acts for the ward as a trustee and subject to the same rules as govern other trustees.

**4. Guardian and Ward § 12: Trusts § 5b—**

Legal title to guardianship property is in the infant ward rather than the guardian, who is a mere custodian and manager and has no beneficial

title to the property, and therefore where a guardian takes title individually to property of the estate, he holds title as trustee for the ward.

**5. Parties § 3—**

All persons who have, or claim, any interest in a controversy adverse to plaintiff, or who are necessary parties to a complete determination of the action, may be made defendants, and any person claiming title or right of possession to real estate may be made a party plaintiff or defendant as the case requires. G. S., 1-69.

**6. Same—**

In an action to establish a trust in lands upon allegations that defendant guardian took title individually to lands belonging to the estate and thereafter repudiated the trust relationship and conveyed the lands to his wife, who took with full knowledge of the facts, the wife is properly joined as a party defendant to the end that the entire controversy be settled in one action and that she be concluded by the judgment in respect to the principal question.

APPEAL by defendants from *Bone, J.,* at September Term, 1946, of JOHNSTON.

Civil action to establish that defendants hold title to certain land as trustees for the use and benefit of plaintiffs, heard upon demurrer of defendants to complaint of plaintiffs.

The record shows that both plaintiffs and defendants are nonresidents of the State of North Carolina, and the parties stipulate as to facts upon which jurisdiction is acquired by virtue of writ of attachment levied on land in controversy situate in Johnston County, North Carolina.

Plaintiffs allege in their complaint, narratively stated in brief, these facts:

Plaintiffs are children of defendant E. R. Hines by his first wife, Nettie V. Hines, who is now deceased. Defendant Janie L. Hines is the wife of E. R. Hines by his second marriage. Nettie V. Hines died seized and possessed of real and personal property situate in Johnston County, North Carolina, including two certain lots of land in the town of Selma, and a tract of land known as the Tom Pittman land, title to which upon her death vested in plaintiffs, who then were minors. Defendant E. R. Hines, their father, qualified as guardian of plaintiffs, as minors, and thereafter as such guardian sold the said lots and said tract of land and received therefor the sum of $4,000.00, which he loaned and invested in his own and individual name, upon securities, such as were not approved by law, and which were not sufficient and adequate to safeguard the guardianship funds. Thereafter, "when it became apparent that the estate had been lost and the same was not presently at hand and in such liquid shape that same could be readily turned over to" his

wards, defendant E. R. Hines received, "as a part of the estate belonging to" his wards, a deed to himself as an individual for a certain tract of land situate in Johnston County, North Carolina, containing 28.2 acres more or less (the land on which writ of attachment as aforesaid was levied), and is now in possession of same. Defendant E. R. Hines has recognized the fiduciary relationship existing between himself and his children in respect to said tract of land, and has within three years next preceding the institution of this action paid to plaintiffs the sum of $50.00 from the income from said land.

Plaintiffs, having each attained the age of twenty-one years, and desiring to acquire title to so much of their estate as then remained intact, caused a deed from defendants to them to be prepared on or about 10 July, 1945, for execution and delivery by defendants. Whereupon, defendant E. R. Hines disaffirmed the trust relationship then existing between him and plaintiffs in respect thereto, and he and his wife, Janie L. Hines, declined to execute and deliver the deed to plaintiffs, and have since remained in possession of said land. Thereafter, on 3 December, 1945, defendant E. R. Hines executed and delivered to his wife, Janie L. Hines, a deed for said land,—she at the time having full knowledge of the matters and things in controversy, and of the equitable rights of the plaintiffs to said land.

Plaintiffs allege further that the disaffirmance of the trust relationship of defendant E. R. Hines as to said land, and the refusal of defendants to execute deed to them as aforesaid, and the execution of deed by defendant E. R. Hines to his wife, defendant Janie L. Hines, as aforesaid, constitute a fraud in law upon their rights as *cestuis que trustent*.

Plaintiffs further allege that by reason of the matters and things above set forth, defendant E. R. Hines is justly indebted to them in the sum of $4,000.00 with interest, and that they, the plaintiffs, are in equity the owners and entitled to possession of lands title to which was taken in the name of E. R. Hines as aforesaid.

Thereupon plaintiffs pray judgment (1) against the defendant E. R. Hines for the principal sum of $4,000.00 with interest, (2) that it be adjudged that defendants hold the title to the land in question as trustee for the use and benefit of plaintiffs, (3) that the indebtedness be declared to be a specific charge and lien upon the said tract of land, and (4) that it be adjudged that defendant Janie L. Hines is not the owner of nor entitled to any right, title, interest or estate in said lands, as the wife of E. R. Hines or otherwise, and that she be barred of any right therein.

Defendants demur to the complaint for misjoinder of both causes of action and of parties to the action in that: (1) Misjoinder of causes for that: One cause of action is on a contract of trusteeship alleged to exist between plaintiffs and defendant, E. R. Hines, and the other in tort for the alleged collusive and fraudulent conveyance of certain lands by

defendant, E. R. Hines, to his co-defendant Janie L. Hines. (2) Misjoinder of parties for that: Defendant Janie L. Hines was not a party to the alleged contract of trusteeship of the defendant, E. R. Hines.

The demurrer was overruled, and from judgment in accordance therewith defendants appeal to Supreme Court and assign error.

*Lyon & Lyon for plaintiffs, appellees.*
*Parker & Lee and James D. Parker for defendants, appellants.*

WINBORNE, J. Two questions arise on this appeal: (1) Does the complaint contain a misjoinder of causes of action? (2) Is there a misjoinder of parties to the action? Testing the complaint by well settled principles of law in this State, a negative answer to each question follows.

(1) The general rule, deducible from the decisions of this Court pertaining to the appropriate statute, G. S., 1-123, is that, if the causes of action be not entirely distinct and unconnected, if they arise out of one and the same transaction, or a series of transactions forming one dealing and all tending to one end, if one connected story can be told of the whole, they may be joined in order to determine the whole controversy in one action. See *Bedsole v. Monroe,* 40 N. C., 313; *Fisher v. Trust Co.,* 138 N. C., 224, 50 S. E., 659; *Barkley v. Realty Co.,* 211 N. C., 540, 191 S. E., 3, and numerous other cases.

Applying this rule to the allegations of the complaint in hand, the series of transactions alleged form one dealing, and a connected story of the whole is told,—all tending to one end,—an accounting by the guardian for specific property of his wards.

A guardianship is a trust relation in which the guardian acts for the ward, whom the law regards as incapable of managing his own affairs. And in that relationship a guardian is a trustee and is governed by the same rules that govern other trustees. 25 Am. Jur., pp. 7 and 113. Moreover, the legal title to the property of an infant ward is in the ward, rather than in the guardian. The guardian, being merely the custodian and manager or conservator of the ward's estate, has no beneficial title thereto. Thus when a deed or mortgage is taken by a guardian for his ward, the title is regarded as being in the ward. 25 Am. Jur., 69. *Small v. Small,* 74 N. C., 16; *Wallace v. Wallace,* 210 N. C., 656, 188 S. E., 96. Hence, where a guardian takes title to his ward's property in his own name, the guardian holds the title as trustee for the ward. See *Tire Co. v. Lester,* 190 N. C., 411, 130 S. E., 45.

Moreover, the allegation of fraud in attack upon the conveyance by defendant E. R. Hines to defendant Janie L. Hines is merely one of a series of transactions tending to one end,—the single purpose of the action.

(2) It is provided by statute, G. S., 1-69, that all persons who have, or claim, any interest in the controversy adverse to the plaintiff, or who are necessary parties to a complete determination or settlement of the questions involved, may be made defendants, and any person claiming title or right of possession to real estate may be made a party plaintiff or defendant, as the case requires, in such action.

In this connection, it is said in *Barkley v. Realty Co., supra,* "If the objects of the suit are single, and it happens that different persons have separate interests in distinct questions which arise out of the single object, it necessarily follows that such different persons must be brought before the court in order that the suit may conclude the whole subject."

· In the light of the above statute, the *feme* defendant in the present action is a necessary party, and may be joined as party defendant to the end that she may be concluded by the judgment in respect to the principal question.

The judgment below is
Affirmed.