**J. Luther SNYDER, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**Civ. A. No. 974.**

United States District Court
W. D. North Carolina,
Charlotte Division.

Sept. 29, 1955.

Bell, Horn, Bradley & Gebhardt, Charlotte, N. C., for plaintiff.

James M. Baley, Jr., U. S. Atty., Asheville, N. C., H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe, Kurt W. Melchior, Special Assts. to the Atty. Gen., for defendant.

WARLICK, District Judge.

J. Luther Snyder, as plaintiff, brings this action seeking to recover a refund of $6,461.83, a part of certain gift taxes paid to the defendant for the taxable years of 1945, 1946, 1947, and 1948. There is but little if any dispute with respect to the facts of the case. The only question presented is "Whether the gifts on behalf of the three Jones grandchildren were all of present interest, eligible for the annual exclusion of gift tax, or differently stated, whether they were gifts of future interests, against which a tax could be assessed."

The Commissioner of Internal Revenue treated the question as gifts of future interests, not eligible for the exclusion. Plaintiff paid the tax and instituted this action for a recovery.

Plaintiff is 83 years of age and is one of the older business men living in the Charlotte area. He is the father of four children, three daughters and one son, and has twelve grandchildren. One daughter, Virginia, married Hubert Reid Jones; another, Elizabeth, married G. Norman Bisanar; Rebecca was married to William B. Garrison. His son, George C. Snyder, was likewise married and children were born to the marriage of each of his children.

As the years advanced and the plaintiff grew older he began to entertain the idea of giving to his children and grandchildren certain of his properties and after discussing the matter of gifts with his associates and advisors, began, in 1945, a systematic program of giving certain properties to them, under means and methods determined by him. In that four year period from 1945 to 1948 inclusive, he gave outright to each of his four children certain shares of stock, giving to each child an identical stock and an equal number of shares, and made an absolute delivery to them. For the children of Mrs. Bisanar, Mrs. Garrison and his son, George C. Snyder, he set up a trust in each instance and designated them as trustees in each trust agreement. During these four years he delivered to each trustee for the benefit of the trusts, certain certificates of corporate stock owned by him, giving each an identical stock in both shares and amount, as he had likewise done to their parents. Though neither of these gifts is involved in this particular controversy, I have purposely set them out as they have a

related position and a certain bearing on the gifts made to the Jones grandchildren, the subject of this controversy.

In this four year period the amount of each gift to each individual did not exceed the sum of $3,000.

In 1945 when plaintiff instituted this gift program, Hubert Reid Jones, Sr., was dead, having passed away some time prior to December 20, 1943, on which day his wife, Virginia, qualified as the guardian for her three fatherless children, receiving such letters from E. A. Houser, Jr., Clerk of the Superior Court of Cleveland County, North Carolina, and thereupon entered upon her duties as such guardian.

In making his gifts to his Jones grandchildren the plaintiff did not create a trust in their behalf as he did for his Bisanar, Snyder, and Garrison grandchildren, but made such gifts during each of the four years directly to their guardian.

In each instance he wrote a letter addressed to the guardian, recited the nature and purpose of the gift, set out the stock given, and other pertinent information, and either delivered it personally or through the mails.

On December 31, 1945, plaintiff made gifts of certificates for shares of stock in Crisman Realty Company as follows:

Certificate No. 19 to Virginia S. Jones, Guardian for Freta Ann Jones, twenty-five shares.

Certificate No. 20 to Virginia S. Jones, Guardian for Hubert Reid Jones, Jr., twenty-five shares.

Certificate No. 21 to Virginia S. Jones, Guardian for Crisman Snyder Jones, twenty-five shares.

And again on or about December 24, 1946, plaintiff made similar gifts of stock in the Crisman Realty Company of 25 shares each to Virginia S. Jones, Guardian for her children, Freta Ann Jones, Hubert Reid Jones, Jr., and Crisman Snyder Jones.

The letter in each instance being addressed to Mrs. Virginia S. Jones, Shelby, North Carolina, all as is evidenced by one of the letters accompanying the gifts.

"Plaintiff's exhibit #10
"December 24, 1946
"Mrs. Virginia S. Jones
"Shelby, North Carolina
"Dear Virginia:

"Continuing my policy of giving to each of you and to the trusts I set up for my grandchildren in order to reduce my gross income and lessen my Income Taxes and at the same time having the pleasure of seeing you and your children enjoy any dividends which may be derived from these gifts and to enable me while living to see what use you make of this property, I am enclosing the following stock certificates of the common capital stock of the Crisman Realty Company.

"Certificate No. 40 for 25 shares Virginia S. Jones.

"Certificate No. 41 for 25 shares Virginia S. Jones, Guardian for Freta Ann Jones, a minor.

"Certificate No. 42 for 25 shares Virginia S. Jones, Guardian for Hubert Reid Jones, (Jr.) a minor.

"Certificate No. 43 for 25 shares "Virginia S. Jones, Guardian for Grisman Snyder Jones, a minor.

"Wishing you a Merry Christmas and a Happy New Year
"Your father,
"JLS/ur"

On December 24, 1947 plaintiff made gifts of stock in Gastonia Coca-Cola Bottling Company as follows:

Certificate No. 85 to Virginia S. Cantrell, Guardian for Freta Ann Jones, two shares.

Certificate No. 86 to Virginia S. Cantrell, Guardian for Hubert Reid Jones, Jr., two shares.

Certificate No. 87 to Virginia S. Cantrell, Guardian for Crisman Snyder Jones, two shares.

On or about January 19, 1948, plaintiff made gifts of certificates for shares of stock in Gastonia Coca-Cola Bottling Company as follows:

Certificate No. 106 to J. Luther Snyder, Guardian for Crisman Snyder Jones, two shares.

Certificate No. 107 to J. Luther Snyder, Guardian for Hubert Reid Jones, Jr., two shares.

Certificate No. 108 to J. Luther Snyder, Guardian for Freta Ann Jones, two shares.

Plaintiff qualified as guardian for the grandchildren following the sudden death of their Mother, Mrs. Virginia Snyder Jones Cantrell, on December 27, 1947. Later the American Trust Company of Charlotte, a banking institution, was appointed guardian by the Clerk of the Superior Court of Mecklenburg County, and is now acting in that capacity for such of said minors as have not yet reached their majority.

The parties have stipulated and in that way concede that the Commissioner properly assessed, and the plaintiff paid, a gift tax on account of each such gift to the Snyder, Bisanar and Garrison grandchildren which were made in trust under the trust instrument during the four year period. It is now agreed that all were of future interest and taxable as such. The Commissioner did not assess any tax for the gifts likewise made to the children of the plaintiff as it was found and determined that these were outright gifts.

In his testimony as a witness Mr. Snyder was asked his reason for establishing a trust for the Bisanar, Garrison and Snyder grandchildren and of not doing so for the Jones children, and gave the following answer: "Well, the Jones children needed the money. The Mother was a widow, you know, and had to educate and all that, and if the money was put in trust they couldn't get it like they could otherwise—had to wait until a certain time, you know, and they needed the money and that is why I didn't put it in trust."

I was impressed with his evidence as he testified and his desire to speak truthfully, and am certain that he had no knowledge of a tax on the value of the property given or that he made any effort to evade such tax or had any such purpose in mind. He is a man of the highest character and in my opinion would not have purposely engaged in the evasion of any tax lawfully assessed. When it was determined that a tax was due for one year the attention of the Commissioner was called to the other years involved herein in which similar gifts were made and the tax was accordingly paid.

This case is governed by Section 1003 (b) (3) of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 1003(b) (3). This section provides as follows:

"§ 1003.  Net gifts

\*      \*      \*      \*      \*      \*

"(b) *Exclusions from gifts*

\*      \*      \*      \*      \*      \*

"(3) [As added by Sec. 454 of the Revenue Act of 1942, c. 619, 56 Stat. 798.] *Gifts after 1942.* In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1943 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year." 26 U.S.C.A. § 1003.

Since the sole issue is whether the gifts made to the guardian in each instance were of "future interests", our inquiry must be directed entirely to the gifts as made. Were they absolute as such, or did the donor impose factors that delayed enjoyment? Obviously the answer lies in the status of a guardian under the North Carolina law. That answer is to be found in the following statement of applicable laws:

"Under the laws of North Carolina, a person is a minor for all purposes until he attains his twenty-first birthday and until that time is

subject to numerous legal disabilities, among which are the following: he cannot make a contract or give a receipt legally binding upon himself; he cannot convey or transfer any of his real or personal property; he cannot make an inter vivos gift, nor can he authorize his guardian to make such a gift on his behalf and he cannot make a valid will disposing of either his personal or real property.

"Inasmuch, therefore, as a minor is disqualified by law to handle, manage and control his own property, he has from time immemorial under English and American law been a ward of the court, and the property of a minor is handled, managed and administered by, or under the supervision of, the court having jurisdiction of his person and estate.

"In order to provide for the orderly administration and handling of a minor's property, the laws of North Carolina provide that a guardian shall be appointed to handle, manage, control and administer the property of every minor under the orders, directions, and supervision of the court.

"Under the law, the guardian is authorized to spend for the support, maintenance, education and pleasures of his minor ward so much of the income from his property as may be reasonably necessary for such purposes and upon application to the court, and a showing of the necessity therefor, the guardian will be authorized by the court to use and expend the principal of his ward's property for the purposes aforesaid." Cannon v. Robertson, D.C., 98 F.Supp. 331, 333.

No delay of enjoyment seems to have been attached to any of said gifts. Absolute vesting of title appears and consequently no barrier is found to have been injected to prevent present title and enjoyment.

"A guardianship is a trust relation in which the guardian acts for the ward, whom the law regards as incapable of managing his own affairs. And in that relationship a guardian is a trustee and is governed by the same rules that govern other trustees. 25 Am.Jur., pp. 7 and 113. Moreover, the legal title to the property of an infant ward is in the ward, rather than in the guardian. The guardian, being merely the custodian and manager or conservator of the ward's estate, has no beneficial title thereto. Thus when a deed or mortgage is taken by a guardian for his ward, the title is regarded as being in the ward. 25 Am.Jur. 69. Small v. Small, 74 N.C. 16; Wallace v. Wallace, 210 N.C. 656, 188 S.E. 96." Owen v. Hines, 227 N.C. 236, 41 S.E.2d 739, 742.

These gifts acquired by the minor beneficiaries were not in any wise limited to commence in use, possession, or enjoyment at some future time or date, but each was given the right presently to use, possess, or enjoy the property given, —hence title vested and enjoyment and the right thereof began when delivery of the gift was made by plaintiff to the guardian for his minor grandchildren.

I am therefore of the opinion and so declare that the gifts herein made to the respective guardians for the Jones children and for their use and benefit during the years involved were absolute and of present interest and eligible for the annual exclusion of a gift tax. That the tax assessed by the Commissioner is not valid and should be disallowed and a recovery thereof had by plaintiff.

Counsel will submit decree.