**R. W. BAKER and wife Penlope Baker,
Plaintiffs,**

v.

**UNITED STATES, Defendant.**

**Civ. Nos. 898, 899.**

United States District Court
M. D. North Carolina,
Greensboro Division.

Dec. 28, 1955.

R. D. Douglas, Jr., Greensboro, N. C., Leon L. Rice, Jr., Winston Salem, N. C., for plaintiffs.

Edwin M. Stanley, U. S. Atty., Greensboro, N. C., for defendant.

HAYES, District Judge.

R. W. Baker, husband of plaintiff, Penlope Baker, made certain gifts to Wachovia Bank and Trust Co., Winston Salem, N. C., as trustee for various minor grandchildren under certain trust agreements later referred to. They signified their consent to having all of the gifts considered as having been made one-half by the husband and one-half by the wife. On both returns the benefit of the exclusion provided by Section 1003(b) (3) of the Internal Revenue Code of 1939, 26 U.S. C.A. § 1003(b) (3), was claimed. The Commissioner disallowed the claimed exclusions, assessed a deficiency which with interest was paid in the sum of $7,595.-24 by the husband and $4,333.93 by the wife. Demand for a refund was denied and these actions were instituted to recover.

The distributive provisions of each trust agreement are identical and are as follows and are set forth in the foot-note below:[1]

At the end of 1950 no guardian of the property or person of any of the minor beneficiaries had been named by any court and none of them had reached the age of 21 or died.

The sole issue involved is this. Were the gifts made by R. W. Baker in trust for minor grandchildren during 1950 and similar gifts made in 1948 and 1949, gifts of future interest within the meaning of Section 1003(b) (3) of the Internal Revenue Code of 1939? The Commissioner determined that they were gifts of future interest and the tax in controversy results from that determination. The taxpayers contend that the gifts were not future interest but present property within the meaning of that section. The issue is very technical and there is a conflict of opinion prevailing in the federal courts in the determination of this issue. If the gifts in question had been made by the taxpayers to a guardian for these children, it is conceded by the Commissioner that it would have been a gift of a present interest. But since there was no guardian the position is taken that the gifts constitute one of future interest and that the tax liability should be determined accordingly.

 Reference to provisions in the trust agreement in the foot-note will disclose that the powers of the trustee and the nature of his relationship to the minor children is very broad and clothes the trustee with all of the powers and responsibilities which could be exercised or imposed against a duly appointed guardian. The trust agreement manifests a clear cut intention for the trustee to be substituted for the guardian in all respects to the laws of North Carolina to the same extent and in the same manner as in cases of guardianship, with the sole exception that the trustee will be authorized to use these powers without having to be "under the jurisdiction of or required to report to any court or similar authority in respect of the duties and transactions of the trustee". The reference to the analogy of the guardianship in the trust agreement defines the scope of the trustee and signifies very clearly an intention for the trustee to be in all respects a guardian of the minor under the laws of North Carolina applicable to guardianship until the minor becomes 21 years of age at which time the trustee is

1. "Distributive Provisions. The Trustee shall administer this trust estate for the following uses and purposes:

"*First:* The net income and principal of the trust, hereinafter called the 'properties', shall be used for the support, education or benefit of [name of beneficiary], hereinafter called the 'beneficiary', in such amounts and manner and at such times as shall be in accordance with the needs and best interests of the beneficiary and as if the Trustee herein were holding the properties as Guardian of the beneficiary and making distributions of the properties in that capacity for the needs and benefit of the beneficiary. It is the intention of the Grantor to make, and the Grantor does hereby make, an immediate and present gift to the beneficiary of the use and benefit of the properties.

"*Second:* (a) All of the properties not used for the aforesaid purposes and constituting the trust on the twenty-first anniversary of the birth of the beneficiary shall then be conveyed and delivered to the beneficiary.

"(b) If the beneficiary shall die before said twenty-first anniversary, all of the properties constituting the trust on the death of the beneficiary shall pass as part of the estate of the beneficiary, but the Grantor hereby irrevocably waives, renounces, relinquishes and quitclaims any right he may ever have to any share of or interest in the properties if the Grantor shall be a person entitled thereto under the laws of the state of domicile of the beneficiary upon the death of the beneficiary intestate.

"*Third:* The Trusteee shall not be under the jurisdiction of or required to account to any court or similar authority in respect of the duties and transactions of the Trustee, hereunder notwithstanding the above analogy or reference to the capacity of Guardian of the beneficiary."

required to turn over the child's share on the theory that it will be able to manage its own affairs when it attains the age of 21. In the meantime the trustee has the power to use any of the income or if necessary the corpus for the education, support etc. of the minor but in the same way as a guardian would be permitted to do under the laws of North Carolina. Under the laws of this state a person under 21 years of age is incompetent and in the management of his property the law provides for a guardian whose duty it will be to manage it and use it for the necessities and benefit of the ward. G. S.N.C. § 33–1 et seq. Owen v. Hines, 227 N.C. 236, at page 239, 41 S.E.2d 739.

■ There seems to be very little reason to say that a gift to the guardian of a minor is a present interest and not taxable as a future interest but that a gift under the same circumstances to a trustee to hold in the identical manner of a guardian would constitute a gift of a future interest. It is our view that under the terms of this trust agreement the gift is of a present interest and in reaching this conclusion we have followed what we consider to be the rules and principles applied in the following cases: Strekalovsky v. Delaney, D.C.Mass.1948, 78 F. Supp. 556; Cannon v. Robertson, D.C.W. D.N.C.1951, 98 F.Supp. 331; Groff v. Smith, D.C., 34 F.Supp. 319; C. I. R. v. Sharp, 9 Cir., 1946, 153 F.2d 163; Kieckhefer v. Commissioner, 7 Cir., 1951, 189 F.2d 118 and Gilmore v. Commissioner, 6 Cir., 1954, 213 F.2d 520.

The defendant urges us to follow the 2nd Circuit in Stifel v. Commissioner, 197 F.2d 107 which is very persuasive but the facts in the instant case bring the instant case under the other authorities cited above which appear to be more applicable to a situation arising under the North Carolina law. In view of this conclusion it is unnecessary to restate the same principles and interpretations that are already set forth in the above cases.