DIXON v. DIXON.

---

FRANK W. DIXON, H. KEITH DIXON. AND MARGARET D. TUTTEROW, ADMINISTRATRIX OF THE ESTATE OF D. V. DIXON, DECEASED, v. VIRGINIA L. DIXON, INDIVIDUALLY, VIRGINIA L. DIXON, EXECUTRIX OF ERROL P. DIXON, DECEASED, AND FRANK GRIGGS.

(Filed 16 April, 1958)

1. **Pleadings § 2—**

    As a general rule, if the causes of action alleged in the complaint are not entirely distinct and unconnected, if they arise out of one and the same transaction, or a series of transactions forming one dealing and all tending to one end, if one connected story can be told of the whole, they may be joined in order to determine the whole controversy in one action. G.S. 1-123.

2. **Same—**

    The complaint alleged that the heirs of an estate agreed that one of them should manage the estate for the benefit of all, that the trustee heir mishandled the properties, and in a purported sale of one of the pieces of realty, conveyed the property to a third person who reconveyed to the wife of the trustee heir. Plaintiff prayed for an accounting of the entire estate and that the deed in question be set aside or for a full accounting of the increases, rents and profits from such property. *Held:* The complaint is not demurrable for misjoinder of causes of action, since the complaint alleges a series of transactions forming one course of dealings tending to a single end.

APPEAL by plaintiffs from *Stevens, J.*, at September 1957 Term, of LENOIR.

Civil action for an accounting, heard upon demurrer to the complaint for that there is a misjoinder of causes of actions.

Plaintiffs alleged in their complaint substantially the following: That plaintiffs and defendants are devisees, or personal representatives of devisees as alleged, under the will of Mamie T. Dixon, who died testate in 1936; that plaintiff Frank W. Dixon and defendant Errol P. Dixon were the duly qualified executors of said estate; that following the closing of the administration of Mamie T. Dixon estate the heirs and devisees mutually agreed that Errol P. Dixon would continue to handle the funds and properties and other interests of said heirs in and to the said Mamie T. Dixon estate for and on behalf of all the said heirs or representatives; that defendant Errol P. Dixon lived in the town of Kinston where most of the properties were located, and the plaintiffs were non-residents; that thereafter and for a period of years the said Errol P. Dixon undertook to handle the properties as agent or trustee for the benefit of the heirs; and that it has come to the attention of the plaintiffs that Errol P. Dixon is mishandling the said properties and is not allotting to the plaintiffs their proportionate shares in the estate.

And it is further alleged in paragraph 6 of the complaint:

"6. That during the month of July 1948, and prior thereto, the heirs named aforesaid had agreed among themselves to a sale of certain properties lying and being in the City of Kinston, known as the 'Busy Bee Cafe Building' and known and more particularly described as follows: * * *.

"That these plaintiffs, and as they are advised, informed and believe and upon such information and belief allege, the other heirs of Mamie T. Dixon, authorized the said Errol P. Dixon as their representative and agent to negotiate for the sale of said properties on their behalf. That the said Errol P. Dixon reported to these plaintiffs and the others that he had a sale for said building for approximately $18,000, and the plaintiffs, together with the other heirs, agreed to sell at said figure and were later informed by the said Errol P. Dixon that he was unable to complete said sale, but could sell the properties to Speros Maroules. That the said heirs agreed to a sale to the said Speros Maroules at the original figure and executed a deed which was forwarded to them by the said Errol P. Dixon and returned the same to the possession of the said Errol P. Dixon as their agent and representative. That said deed to Speros Maroules was dated August 10, 1948 and was ultimately delivered and placed on record in Book 246, page 47 in the office of Register of Deeds of Lenoir County, but that the said instrument was not filed for record until October 9, 1948. That subsequently these plaintiffs were informed by the said Errol P. Dixon that he could only get $15,000 for said properties, and had sold the same, and it was not until years later that these plaintiffs discovered that said deed was not filed until October 9, 1948; and that they also then discovered that

the said Speros Maroules and wife had, by deed also dated August 10, 1948, re-conveyed the same Busy Bee Cafe properties to Virginia Lee Dixon, the wife of Errol P. Dixon, and one of the defendants herein. That the said Virginia Lee Dixon was at all times aware of the transactions aforesaid and of the circumstances and conditions under which the same was to be sold, and knew of the relationship between these parties. That the sale of said properties by said Errol P. Dixon to Speros Maroules and the reconveyance of the properties to the said Virginia Lee Dixon was contrary to the understanding and intention of these plaintiffs, and the others having an interest therein. That shortly prior to, or at the time of the purchase of said properties by the said Virginia Lee Dixon, the said Errol P. Dixon withdrew or used from the funds of the said Mamie T. Dixon estate, the sum of $6,000 which formed and constituted a part of the purchase price of said properties, when conveyed to the said Virginia Lee Dixon. That the said Errol P. Dixon was without authorization or right to so utilize said funds, and that the same were used without the consent or permission of the other heirs and were, in fact, the funds and moneys of these plaintiffs and others for which they are entitled to of all of the proceeds, rents, profits, and increase resulting from said transactions. That these plaintiffs, and as the plaintiffs are advised, informed and believe and upon such information and belief allege, they and the other heirs of Mamie T. Dixon are in fact and in equity the owners of a proportionate interest in said Busy Bee Cafe to the extent of the amount of their funds which were utilized in the purchase thereof, all as represented in said $6,000 so withdrawn from the estate funds and used for such purposes. That these plaintiffs and the other heirs are entitled to an accounting on said properties for all rents and profits therefrom and if said plaintiffs and the other heirs are not in fact and in law entitled to an interest in said properties as aforesaid, that they are entitled to have said $6,000 repaid into the funds of said estate with interest thereon from the date of its removal, and are entitled to have determined and paid into said estate the amount of any increase in valuation of said properties from the date of its purchase until said amount is repaid in proporation to the amount which said $6,000 represents as part of the purchase price therefor."

The plaintiffs further allege that they have repeatedly asked for an accounting by defendant Errol P. Dixon and that all the necessary books and information are in his hands.

"Wherefore, plaintiffs pray:

"(1) For an order issued by this court to the said Errol P. Dixon to produce at the trial of this cause all records, accounts, and inventories of said estate;

"(2) For a complete and full accounting to be made of said Mamie T. Dixon Estate;

"(3) For a judgment against the defendant Errol P. Dixon for such money as may be shown to be due by him to the plaintiffs, and for judgment declaring such interest as the plaintiffs may show themselves to have in the Busy Bee Cafe Building properties, and transferring to them the legal record title thereto as their interest may appear, or for a full accounting of the increases, rents and profits on said properties since the date of its purchase, and for the reimbursement in payment to these plaintiffs by the defendants of such share thereof as they may show themselves entitled to; and

"(4) For such other and further relief as the plaintiffs may show themselves entitled to upon the whole cause."

Defendant Errol P. Dixon, having died testate naming Virginia L. Dixon as executrix of his will, and she, having qualified as such, was made defendant in this action to the end that a complete determination of the controversy can be made.

Thereupon Virginia L. Dixon, Executrix of Errol P. Dixon, deceased, demurred to the complaint for that: "1. There is a misjoinder of causes of action in that the complaint attempts to join (a) an action for setting aside a deed with (b) an action for an accounting for rents and profits due by an agent in the handling of real property. 2. The two said causes of action are separable and severable."

The cause being heard upon the demurrer, it was sustained by the court. Plaintiffs excepted thereto, and appeal to Supreme Court and assign error.

*Wallace & Wallace, White & Aycock, D. L. Ward,* for *plaintiffs, appellants.*

*Dawson & Cowper, Marion A. Parrott,* for *defendants, appellees.*

WINBORNE, C. J.: This is the determinative question on this appeal: Does the complaint in this action contain a misjoinder of causes of action?

In the light of applicable statute, G.S. 1-123, as interpreted and applied by this Court, the answer is "No." *Bedsole v. Monroe,* 40 N.C. 313; *Fisher v. Trust Co.,* 138 N.C. 224, 50 S.E. 659; *Chemical Co. v. Floyd,* 158 N.C. 455, 74 S.E. 465; *Bundy v. Marsh,* 205 N.C. 768, 172 S.E. 353; *Barkley v. Realty Co.,* 211 N.C. 540, 191 S.E. 3; *Bellman v. Bissette,* 222 N.C. 72, 21 S.E. 2d 896; *Owen v. Hines,* 227 N.C. 236, 41 S.E. 2d 739; *Erickson v. Starling,* 233 N.C. 539, 64 S.E. 2d 832.

The general rule, deducible from these decisions of this Court pertaining to the statute, G.S. 1-123, is that, if the causes be not entirely distinct and unconnected, if they arise out of one and the same trans-

action, or a series of transactions forming one dealing and all tending to one end, if one connected story can be told of the whole, they may be joined in order to determine the whole controversy in one action. See *Owen v. Hines, supra.*

Testing the allegations of the complaint in the instant case by this rule, the series of transactions alleged form one dealing, and a connected story of the whole is told—all tending to one end—an accounting by Errol P. Dixon as agent or trustee for the heirs in the handling of the properties entrusted to him for their and his benefit.

Hence the judgment sustaining the demurrer must be, and it is hereby

Reversed.